## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RAFAEL JOSE GRIPPAS FARIAS, an Individual,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A., a National Banking Association,

        Defendant.

CASE NO. 1:20cv23472

JURY TRIAL DEMANDED

### COMPLAINT FOR DAMAGES AND ACCOUNTING

Plaintiff, Rafael Jose Grippas Farias (hereinafter "**Plaintiff**"), sues Defendant, Wells Fargo Bank, N.A. (hereinafter, the "**Bank**" or "**Defendant**"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a foreign individual who is a citizen and resident of Venezuela.

2. Defendant is a national banking association that does business across the country and in Miami-Dade County, Florida.

3. Defendant is subject to personal jurisdiction in Florida.

4. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Plaintiff does not share citizenship with any Defendant.

6. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this District.




## ALLEGATIONS COMMON TO ALL COUNTS

8. At all relevant times, Plaintiff was a customer of the bank who entrusted Defendant with his funds.

9. Plaintiff lost his life savings when the Bank transferred those funds to a new account that it opened without Plaintiff's prior knowledge or consent, then permitted the funds to be fraudulently withdrawn the new account, while simultaneously refusing Plaintiff access to account information that would have permitted him to (at least) monitor and identify the fraudulent transactions.

10. Plaintiff originally had two accounts with Defendant:

    a. The first was a checking account assigned an Account Number ending in XXXX9204 ("**Account 9204**").

    b. The second was a savings account assigned an Account Number ending in XXXX8394 ("**Account 8394**").

11. In October 2018, a representative of the Bank spoke with Plaintiff by telephone in Venezuela regarding identity theft and fraudulent activity that Defendant said it had identified in Account 9204.

12. The Bank told Plaintiff it had terminated all activity in Account 9204 and transferred his funds from that account to a new checking account with an Account Number ending in XXXX1417 ("**Account 1417**").

13. Plaintiff never received any checks for Account 1417. At no time did Plaintiff ever have a check for Account 1417 in his possession or control.




| ROSENQUEST LAW FIRM | 290 95ᵀᴴ Street, Suite 206<br>Surfside, Florida 33154<br>Tel: (305) 607-5115<br>Fax: (305) 402-8183 | LEITE LAW<br>Global Solutions, Local Strength | 950 Brickell Bay Drive, #3906<br>Miami, Florida 33131<br>Tel: (305) 929-8543<br>Fax: (786) 513-8056 |

14.     If Defendant sent checks to Plaintiff for Account 1417, they did not reach the intended recipient in Venezuela. Plaintiff never received them. Likewise, Plaintiff did not receive any correspondence or monthly statements related to Account 1417.

15.     As described below, pursuant to the Bank's internal policies and procedures, the Bank denied Plaintiff access and any opportunity to review account information until he personally visited a branch of the Bank in Florida in January 2019.

16.     Unfortunately, the fraudulent activity in Plaintiff's accounts got much worse after the Bank opened the new account and transferred his funds from Account 9204 to Account 1417. Multiple fraudulent checks—even one with a typographical error evident on its face—were drawn on Account 1417 for funds transfers that Plaintiff did not authorize.

17.     Plaintiff did not sign the "**Fraudulent Checks**," as defined below. His signatures thereon are forgeries.

18.     In October 2018, after Plaintiff learned that the Bank had opened Account 1417 without his prior consent or knowledge and transferred his money into the new account from Account 9204, Plaintiff requested access to Accounts 1417 and 8394 online or through the Bank's mobile banking application.

19.     The Bank refused his request.

20.     The Bank told Plaintiff that because he was a foreign national, Defendant's internal policies required Plaintiff personally visit an American branch of the Bank to receive access (online, through the mobile banking application, or otherwise) to any information regarding Accounts 1417 and 8394.

21.     Plaintiff resides in Venezuela, a country that is currently in the throes of an unprecedented economic collapse exacerbated by the COVID10 pandemic. The circumstances in



ROSENQUEST LAW FIRM
290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

Venezuela have resulted in unrest and violence (often at airports) and disrupted civil services such as the post.

22. Mail to Venezuela is frequently lost and not delivered to intended recipients.

23. For years, even prior to disruptions associated with the coronavirus, travelling into and outside of Venezuela from this country has been virtually impossible and incredibly expensive. The United States suspended all passenger and cargo air flights between it and Venezuela years ago, shortly after the Bank instructed Plaintiff he needed to come to Florida to get access to his money in Accounts 1417 and 8394.

24. It was impossible for Plaintiff to visit the United States and appear in person at a Bank location until January 10, 2019 when he visited Defendant's branch in Hialeah.

25. After that visit to a branch of the Bank, Defendant finally provided Plaintiff access to information regarding his account.

26. Plaintiff made crushing discovery that multiple "**Fraudulent Checks**" had been drawn on Account 1417 (where the Bank had transferred his life savings).

27. The Fraudulent Checks that Plaintiff did not write or authorize include:

   a. Check 101 in the amount of $45,000.00, drawn from Account 1417 on November 16, 2018;

   b. Check 102 in the amount of $26,000.00 to Natalia Sizeen Rosted, also drawn from Account 1417 on November 16, 2018;

   c. Check 105 in the amount of $4,000.00 to Carlos Davila, drawn from Account 1417 on December 10, 2018;

   d. Check 106 in the amount of $4,100.00 to Buena Vista Gienes y Raices LLC, drawn from Account 1417 on December 12, 2018; and


290 95ᵀᴴ Street, Suite 206
Surfside, Florida 33154
Tel: (305) 607-5115
Fax: (305) 402-8183


950 Brickell Bay Drive, #3906
Miami, Florida 33131
Tel: (305) 929-8543
Fax: (786) 513-8056

      e.    Check 107 in the amount of $25,900.00 to Carlos Mendez, drawn from Account 1417 on January 7, 2019.

True and correct copies of certain Fraudulent Checks are attached in redacted form as Composite Exhibit "A."

28.    Plaintiff informed the Bank about the unauthorized activities in Account 1417, and the Bank opened investigations into the Fraudulent Checks.

29.    The Bank reimbursed $26,000 to Plaintiff for the unauthorized funds transfer and Check 102.

30.    The Bank then closed its investigations and denied Plaintiff's claims for reimbursement of the other Fraudulent Checks (it only reimbursed Check 102) because it determined (in error) as follows:

      a.    That Plaintiff admitted to a Bank representative he signed one or more of the Fraudulent Checks; and

      b.    That Plaintiff voluntarily left signed blank checks with his sister in Florida, and therefore did not properly guard against fraudulent activity.

31.    The Bank is incorrect in both respects.

      a.    Plaintiff categorically denies signing any of the Fraudulent Checks.

      b.    It was impossible for Plaintiff to leave signed copies of blank checks for Account 1417 with anyone, because he never received unsigned checks from the Bank for that account. Plaintiff has no knowledge that his sister or anyone else receiving checks for the new account.

ROSENQUEST LAW FIRM
290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

32. Plaintiff later learned the Bank claims to have sent him a letter on or about April 26, 2019, informing him that Defendant had closed its investigations and would not reimburse him for any Fraudulent Check except Check 102, which $26,000.00 it deposited into Account 1417.

33. Plaintiff denies he ever received the April 26, 2019 correspondence, which was purportedly sent to him in Venezuela where civil services such as the post were dysfunctional.

34. Plaintiff further denies receiving paper statements or any mail related to Account 1417 from October 2018 through January 2019.

35. Plaintiff did not have actual notice until October 2019 that the Bank had denied his internal claim regarding Fraudulent Checks (other than Check 102) and Defendant had concluded that no other fraud had occurred.

36. Plaintiff only learned the Bank's position with respect to the Fraudulent Checks after engaging counsel. Defendant sent Plaintiff's counsel a letter dated October 21, 2019 that forwarded a letter from the Bank to Plaintiff dated April 26, 2019. True and correct copies of this correspondence is attached as Composite Exhibit "B."

37. The April 26, 2019 letter is written entirely in English, which Plaintiff does not speak.

38. At all times relevant to this action, the Bank was fully aware that Plaintiff does not speak English and lives in Venezuela.

### FIRST COUNT
### NEGLIGENCE

39. Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.



ROSENQUEST LAW FIRM

290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

40. Plaintiff was a customer and entrusted Defendant with the funds he deposited into accounts with the Bank.

41. The Bank opened Account 1417 and transferred Plaintiff's funds into it without giving him notice or seeking his consent.

42. Plaintiff had no written agreement in place with the Bank regarding fund transfers or check payments out of Account 1417 or security procedures for that account.

43. Defendant owed Plaintiff a duty to exercise reasonable care with respect to the opening and maintenance of all accounts opened, including Account 1417, for the safekeeping of funds and to acquire proper authorization to withdraw any funds from Plaintiff's accounts at the Bank.

44. Defendant's baseline duty of care to Plaintiff – even absent a fiduciary relationship – is extracontractual, recognized under Florida law, and cannot be varied by contract. *See* Fla. Stat. § 674.103(1); *Leader Trade Sols. Corp. v. Dell World Trade LP, LLC*, 2010 U.S. Dist LEXIS 151644, at *15 and cases cited therein.

45. In the Comments to Section 673.4201, Florida Statutes, the drafters of the UCC made clear that if a check is stolen from the accountholder and paid by the bank "[t]he drawer has an adequate remedy against the payor bank for recredit of the drawer's account for unauthorized payment of the check." Fla. Stat. § 673.4201 cmt. 1.

46. Chapter 674 of the Florida Statutes imposes a duty of care on banks like Defendant to exercise reasonable care to prevent payment of unauthorized checks and to reimburse accountholders for unauthorized payments from their accounts.

ROSENQUEST LAW FIRM

290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

47. Specifically, Section 674.406(1), Florida Statutes, provides that a bank like Defendant must give an accountholder such as Plaintiff copies or other documentation of paid checks that suffice to allow the accountholder to identify and report unauthorized transactions.

48. Defendant breached Section 674.406(1) by failing to send Plaintiff statements or copies of paid checks or any documentation of the Fraudulent Checks.

49. Plaintiff had no opportunity to discover the Fraudulent Checks or to give notice to Defendant.

50. "Even where a customer fails to meet § 674.406's notice requirements, § 674.406(5) may still impose liability on a bank where the bank failed to exercise ordinary care in paying an item and such failure substantially contributed to the loss. A bank's breach of its duties under § 674.406 may give rise to a negligence claim." *Sabra Int'l, Inc. v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 103310, at *8-9 (S.D. Fla Sep. 30, 2010) (citations omitted).

51. Defendant paid numerous unauthorized checks out of Account 1417 using funds owned by the Plaintiff.

52. Defendant accepted, acted upon, and paid the Fraudulent Checks in bad faith, without exercising reasonable and ordinary care before allowing the funds transfers.

53. Defendant had actual knowledge of its duties towards Plaintiff and that funds were diverted from Plaintiff's accounts without his authorization.

54. Defendant breached the duties that it owed to Plaintiff and was grossly negligent and conducted its duties in bad faith by opening Account 1417 without Plaintiff's knowledge or informed consent.

55. Defendant also breached the duties that it owed to Plaintiff and was grossly negligent and conducted its duties in bad faith by failing to promulgate and maintain procedures



**R** ROSENQUEST
L A W   F I R M

290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

that permit Plaintiff – as a non-English speaking, international customer of the Bank – access (online, through a computer application, or otherwise) to information regarding a new account, opened unilaterally by the Bank due to concerns of fraudulent activity or identity theft, without first requiring that the international customer visit a physical branch of the Bank in person.

56. Defendant further breached the duties that it owed to Plaintiff and was grossly negligent and conducted its duties in bad faith by failing to safeguard the funds in his accounts from fraud.

57. Defendant further breached the duties that it owed to Plaintiff and was grossly negligent and conducted its duties in bad faith by allowing funds to be withdrawn from Account 1417 without Plaintiff's authorization, knowledge, or informed consent to pay the Fraudulent Checks.

58. Finally, Defendant breached the duties that it owed to Plaintiff and was grossly negligent and conducted its duties in bad faith by failing to timely provide him copies of the Fraudulent Checks or documentation sufficient under Section 674.406 to identify fraudulent activity, and instead concealing them.

59. As a direct and proximate cause of the unauthorized transactions and Defendant's breaches of Chapter 674, Florida Statutes, Plaintiff suffered damages including the loss of his life savings, travel costs required to obtain access to his account information, and other damages.

60. Defendant compelled Plaintiff to retain counsel and to pay a reasonable fee and costs for his legal representation.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in his favor and against Defendant for compensatory and consequential damages in amounts to be determined at trial, for

ROSENQUEST LAW FIRM
290 95TH Street, Suite 206
Surfside, Florida 33154
Tel: (305) 607-5115
Fax: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 Brickell Bay Drive, #3906
Miami, Florida 33131
Tel: (305) 929-8543
Fax: (786) 513-8056

punitive damages upon an appropriate evidentiary showing, and that the Court order such further relief as it determines is just and proper.

## SECOND COUNT
## BREACH OF CONTRACT

61. Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

62. When Plaintiff originally opened accounts with the Bank, the parties entered into a contractual relationship.

63. The written contract between the parties includes a signature card, a Depository Agreement, and an Online Access Agreement. Plaintiff does not have possession or control of these documents at this time but expects to obtain them in discovery in this action.

64. The Bank has in its possession Plaintiff's signature card, the Depository Agreement, and the Online Access Agreement that apply to Plaintiff, as they may have been amended from time to time.

65. Upon information and belief, the Depository Agreement and Online Services Agreement are similar to the exemplars attached hereto as Exhibits "C" and "D," respectively.

66. Upon information and belief, the Depository Agreement and Online Services Agreement grant the prevailing party in a lawsuit arising from those contracts the right to recover attorney's fees and costs in addition to compensatory relief.

67. Defendant breached the parties' contract by opening and maintaining Account 1417 without Plaintiff's knowledge or informed consent.

68. Defendant also breached the parties' contract by refusing to provide him access (online, through a computer application, or otherwise) access to information regarding a new

ROSENQUEST LAW FIRM
290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

account, opened unilaterally by the Bank due to concerns of fraudulent activity or identity theft, without first requiring that Plaintiff visit a physical branch of the Bank in person.

69. Defendant further breached the parties' contract by failing to safeguard the funds in Plaintiff's accounts from fraud.

70. Defendant breached the parties' contract by failing to provide Plaintiff with copies or documentation of the Fraudulent Checks or access to his accounts to identify and report fraudulent activity.

71. Defendant breached the parties' contract by accepting and acting upon instructions to transfer or withdraw funds from Plaintiff's accounts by one or more persons who were not authorized to do so.

72. Finally, Defendant breached the parties' contract by allowing funds to be withdrawn from Account 1417 without Plaintiff's authorization, knowledge, or informed consent to pay the Fraudulent Checks.

73. Defendant actively concealed the aforementioned breaches of contract from Plaintiff.

74. As a direct and proximate cause of the Bank's breach of contract, Plaintiff suffered damages including but not limited to his life savings, travel expenses, and other expenditures and damages.

75. Defendant compelled Plaintiff to retain an attorney, and to pay a reasonable fee and costs for his legal representation.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in his favor and against Defendant for compensatory and consequential damages in amounts to be determined at trial, for

ROSENQUEST LAW FIRM
290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

an award of his attorney's fees and costs pursuant to the Depository Agreement and Online Servicing Agreement, and that the Court order such further relief as it determines is just and proper.

### THIRD COUNT
### BREACH OF FIDUCIARY DUTY

76. Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

77. A fiduciary relationship existed between Plaintiff and Defendant, and the Bank owed fiduciary duties of loyalty and care to Plaintiff pursuant to their special relationship.

78. The fiduciary duty owed by the Bank arose due to Plaintiff's status as a foreign national whose ability to travel internationally was compromised, who does not speak English, and who Defendant nevertheless provided banking services in the United States. Plaintiff was dependent upon the Bank to communicate with him regarding material changes to his accounts and potential fraudulent activity, to send him account statements and correspondence, and to give him equal access to his account information (and the same opportunity to identify fraudulent activity therein) as the Bank provides its domestic customers.

79. The Bank voluntarily assumed and accepted the fiduciary duty to advise, counsel, and protect Plaintiff as a weaker party in their relationship when it agreed to open and safeguard bank accounts for him with full knowledge that he is Venezuelan who has always lived in Venezuela, spoke no English, and could not freely travel to the United States to visit Bank locations and personally attend to his affairs.

80. The Bank voluntarily accepted the obligation to provide additional care in its services to Plaintiff due to his aforementioned circumstances. Defendant knew – or had reason to know – that as a Venezuelan who does not speak English and could freely travel to the United

ROSENQUEST LAW FIRM
290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

States to visit the Bank in person, Plaintiff placed his trust and confidence in Defendant and relied upon it to counsel him and inform him regarding material changes to his accounts and potential fraudulent activity. Plaintiff relied upon security measures provided by the bank to safeguard his money and prevent fraud, and their duty to keep him informed.

81.     The Bank assumed and accepted the obligation to provide Plaintiff access to his account information without the precondition that Plaintiff appear – in person – in branch office in the United States to obtain that information. Defendant gave no warning to Plaintiff that it would impose such a requirement and that could – and did – restrict Plaintiff's access to his accounts.

82.     The Bank knew – or had reason to know — that foreign, non-English-speaking customers who lives in Venezuela (like Plaintiff) cannot freely or easily visit its branch office. Defendant knew or should have known that such customers placed their trust and confidence in the Bank and relied upon it more domestic customers who can easily walk into any Wells Fargo branch.

83.     The fiduciary duties that Defendant accepted and owed to Plaintiff include, without limitation, the following:

   a. the duty to exercise reasonable care with respect to the opening and maintaining accounts in his name, including Account 1417 and its checks;

   b. the duty to safeguard, monitor, and keep safe any funds that Defendant (without Plaintiff's knowledge or consent) transferred to a new account;

   c. the duty to provide Plaintiff access to his account information, statements, and correspondence without requiring he visit a Bank location in person;

   d. the duty to exercise reasonable care monitoring Plaintiff's accounts for fraudulent activity; and



| ROSENQUEST LAW FIRM | 290 95TH STREET, SUITE 206 SURFSIDE, FLORIDA 33154 TEL: (305) 607-5115 FAX: (305) 402-8183 | LEITE LAW Global Solutions, Local Strength | 950 BRICKELL BAY DRIVE, #3906 MIAMI, FLORIDA 33131 TEL: (305) 929-8543 FAX: (786) 513-8056 |

e. the duty to acquire proper authorization for transactions involving funds withdrawn from Plaintiff's accounts at the Bank.

84. Defendant breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by opening Account 1417 without Plaintiff's knowledge or informed consent, transferring his funds there, then allowing those funds to be stolen using the Fraudulent Checks.

85. Upon information and belief, Defendant breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by providing checks for Account 1417 to someone other than the accountholder.

86. Defendant also breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by failing to promulgate and maintain procedures to permit Plaintiff – as a non-English speaking, international customer of the Bank – access (online, through a computer application, or otherwise) to information regarding a new account, opened unilaterally by the Bank due to concerns of fraudulent activity or identity theft, without first requiring that Plaintiff visit a physical branch of the Bank in person.

87. Defendant breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by failing to safeguard the funds in Plaintiff's accounts from fraud.

88. Defendant further breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by allowing funds to be withdrawn from Account 1417 to pay the Fraudulent Checks without Plaintiff's authorization, knowledge, or informed consent.

89. Finally, Defendant breached its fiduciary duties, was grossly negligent, and conducted its duties in bad faith by failing to timely provide Plaintiff account information, copies of the Fraudulent Checks, or any documentation sufficient under Section 674.406 to identify fraudulent activity.

ROSENQUEST LAW FIRM

290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183


LEITE LAW
Global Solutions, Local Strength

950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056

90. Defendant actively concealed from Plaintiff the aforementioned breaches of its fiduciary duties to him.

91. The aforementioned breaches of Defendant's fiduciary duties resulted in Plaintiff's damages and constitute grossly negligent and/or reckless conduct, intentional misconduct, and/or knowingly unlawful conduct in breach of the Bank's duties of care to Plaintiff.

92. Plaintiff suffered substantial harm as a result of Defendant's breaches of fiduciary duties, including but not limited to his life savings, travel expenses, and other expenditures and damages.

93. Defendant derived an improper personal benefit from the misconduct and breaches of duties alleged herein.

94. Defendant compelled Plaintiff to retain counsel and to pay a reasonable fee and costs for his legal representation.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in his favor and against Defendant for compensatory and consequential damages in amounts to be determined at trial, for punitive damages upon an appropriate evidentiary showing, and that the Court order such further relief as it determines is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims to which he is entitled.

Dated: August 20, 2020

Respectfully submitted,

/s/ John B. Rosenquest IV
John B. Rosenquest IV
Florida Bar No. 048431
**ROSENQUEST LAW FIRM P.A.**



290 95ᵀᴴ Street, Suite 206
Surfside, Florida 33154
Tel: (305) 607-5115
Fax: (305) 402-8183

LEITE LAW
Global Solutions, Local Strength

950 Brickell Bay Drive, #3906
Miami, Florida 33131
Tel: (305) 929-8543
Fax: (786) 513-8056

260 95th Street, Suite 206
Surfside, Florida 33154
Telephone: (305) 607-5115
Facsimile: (305) 402-8183
Email: jay@rosenquestlawfirm.com

and

Juliana L. Leite
 Florida Bar No. 89653
**JULIANA LEITE P.A.**
 800 Brickell Ave, PH 2
 Miami, Florida 33131-2969
 Email: juliana@leitelaw.com

*Co-Counsel for Plaintiff*


290 95TH STREET, SUITE 206
SURFSIDE, FLORIDA 33154
TEL: (305) 607-5115
FAX: (305) 402-8183


950 BRICKELL BAY DRIVE, #3906
MIAMI, FLORIDA 33131
TEL: (305) 929-8543
FAX: (786) 513-8056